# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILFREDO DIAZ, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-427-PRC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Wilfredo Diaz on November 24, 2015, and Plaintiff's Opening Brief [DE 21], filed by Plaintiff on May 31, 2016. Plaintiff requests that the Court reverse the July 23, 2014 decision of the Administrative Law Judge denying him disability insurance benefits and remand for further proceedings. For the following reasons, the Court denies Plaintiff's request.

## PROCEDURAL BACKGROUND

On July 16, 2012, Plaintiff Wilfredo Diaz filed an application for disability insurance benefits, alleging disability beginning May 19, 2012. The claim was denied initially and on reconsideration. On April 14, 2014, a hearing was held before Administrative Law Judge ("ALJ") Kim L. Bright. Present at the hearing were Plaintiff, his attorney, and an impartial vocational expert. The ALJ issued a written decision on July 23, 2014, concluding that Plaintiff was not disabled based on the following findings:

    1.    The claimant has not engaged in substantial gainful activity since July 16, 2012, the application date.

    2.    The claimant has the following severe impairment[s]: degenerative disc disease of the lumbar spine, major depressive disorder and alcohol abuse.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can stand/walk for two hours in an eight-hour workday. He can occasionally climb ramps and stairs. He can frequently balance, stoop, kneel, crouch and crawl. He can never climb ladders, ropes or scaffolds. Further, because the claimant has moderate difficulties in concentration and pace but no difficulties in persistence, the claimant retains the ability to perform unskilled and semiskilled tasks on a sustained basis in a competitive work setting no[sic] requiring rapid pace or intense concentration. He is able to have appropriate interactions with supervisors and coworkers but is limited to superficial interaction with the public due to mild difficulty in maintaining his temper. The claimant is able to make appropriate work related decisions.

5. The claimant is unable to perform any past relevant work.

6. The claimant was born [in 1960] and was 51 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 16, 2012, through the date of this decision.

(AR 16-26). Plaintiff then sought review before the Agency's Appeals Council, which denied his request on September 28, 2015, leaving the ALJ's decision as the final decision of the

Commissioner. *See* 20 C.F.R. § 404.981. On November, 2015, Plaintiff filed the Complaint in this case.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir.

2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

4

To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the

burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

In this appeal, Plaintiff argues that the ALJ improperly weighed the opinion of J. Smejkal, M.D., a consultative examiner. In determining whether a claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . received." 20 C.F.R. § 404.1527(b). And, the ALJ evaluates every medical opinion received. 20 C.F.R. § 405.1527(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts consulted by the ALJ. *Id.* § 405.1527(e)(2).

An ALJ must give the opinion of a treating doctor controlling weight if (1) the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and (2) it is "not inconsistent" with substantial evidence of record. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). In weighing all opinion evidence, the ALJ considers several factors and "must explain in the decision the weight given" to each opinion. 20 C.F.R. § 404.1527(e)(2)(ii), (iii); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th 2008).

First, more weight is given to a source that has examined the claimant than one who has not. 20 C.F.R. § 404.1527(c)(1). Second, treating sources are given more weight than other sources, and a number of subfactors are considered. 20 C.F.R. § 404.1527(c)(2). Third, the ALJ considers supportability, which gives more weight to opinions that present relevant evidence, particularly medical signs and laboratory findings, in support of the opinion. 20 C.F.R. § 404.1527(c)(3) ("The

better an explanation a source provides for an opinion, the more weight we will give that opinion. . . . We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources."). Fourth, "the more consistent an opinion is with the record as a whole, the more weight [is given] to that opinion." 20 C.F.R. § 404.1527(c)(4). Fifth, more weight is given to a specialist about medical issues related to the area of specialty than to the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(c)(5). Finally, other factors are considered as brought to the attention of the ALJ or of which the ALJ is aware, such as the doctor's understanding of the disability programs and their evidentiary requirements as well as familiarity with information in the claimant's case record. 20 C.F.R. § 404.1527(c)(6).

In this case, following the hearing, the ALJ requested that Plaintiff attend a consultative examination, which he did on April 28, 2014, with Dr. Smejkal. Dr. Smejkal completed an examination report as well as a Medical Source Statement of Ability to do Work-Related Activities.

In his decision, the ALJ weighed the opinion of Dr. Smejkal. First, the ALJ noted Dr. Smejkal's examination findings. Plaintiff was 5'7" tall and weighed 121.4 pounds with blood pressure of 162/85. Plaintiff was cooperative. The examination of the spine found no anatomic deformity, and there was no spinous or paraspinous tenderness. Plaintiff had full range of motion in the cervical, thoracic, and lumbar spine. The ALJ commented that the remainder of the examination was unremarkable. The ALJ noted that Dr. Smejkal found that Plaintiff's gait was normal, and he could stoop and squat without difficulty. Plaintiff could heel, toe, and tandem walk without difficulty and could get on and off the examination table without difficulty. Plaintiff had full strength with no motor, sensory, or reflex loss. The ALJ noted that Dr. Smejkal's impressions were

history of hepatitis with fatigue, history of depression, history of bipolar disorder, history of chronic back pain, history of high blood pressure, ran out of medication six months earlier, history of GERD, and no medication for the past 6 months. The ALJ noted that, despite the normal physical examination, an x-ray of the lumbar spine confirmed moderate degenerative disc changes at L5-S1.

The ALJ then noted Dr. Smejkal's opinion findings in the Medical Source Statement. Dr. Smejkal opined that Plaintiff could occasionally lift/carry up to 50 pounds and frequently lift/carry up to 10 pounds, could sit for up to six hours in a workday and stand/walk up to 2 hours in a workday, could frequently reach, handle, finger, feel, and push/pull, could frequently operate foot controls, could occasionally perform all postural activities, could occasionally be exposed to unprotected heights, moving mechanical parts, extremes of temperature, and vibration, and could frequently but not constantly be exposed to operation of motor vehicles, humidity, wetness, dust, odors, fumes, and pulmonary irritants.

In weighing this opinion, the ALJ wrote: "The undersigned does not give more than minimal weight to this opinion." (AR 21). The ALJ reasoned that "[w]hile the limitation regarding standing/walking is consistent with other opinions of record and with the x-ray finding, the remainder of the opinion is wholly unsupported by the normalcy of the physical exam and is similarly unsupported by the record as a whole." (AR 21). The ALJ went on to note that there "is no basis to conclude the claimant had difficulty fingering or handling" writing that he "does not allege these difficulties nor does the medical record suggest limitation." (AR 21). The ALJ reasoned that "the ability to lift up to 50 pounds occasionally is inconsistent with a limitation in reaching, handling and fingering." (AR 21-22). And, the ALJ commented that Plaintiff "had no impairment that might arguably affect his ability to be exposed to pulmonary irritants." (AR 22). Thus, as a

8

whole, the ALJ found Dr. Smejkal's assessment "conflicted and unsupported." *Id*. Instead, the ALJ gave great weight to the opinions of the State agency medical consultants, finding them consistent with the normal findings on examination, reflective of stand/walk limitations, consistent with later x-ray findings.

First, Plaintiff argues that the weight given was in error because "[a] treating physician is entitled to controlling weight." (Pl. Br. 6). However, Dr. Smejkal was not a treating physician; he was a consultative examiner. Thus, the argument is misplaced. Moreover, the ALJ thoroughly discussed and weighed Dr. Smejkal's opinion, giving several "good reasons" for the weight given.

Second, Plaintiff argues that some of the reasons given by the ALJ are unsupported. Plaintiff contends that there is no basis for the ALJ finding that a difficulty with fingering or handling is unsupported by the record because Plaintiff gave Dr. Smejkal a history of experiencing numbness in his hands and arms. *See* (AR 517). At no time in his application for benefits or at the hearing did Plaintiff identify any problems with his hands. Moreover, Dr. Smejkal's examination findings included normal grip strength and good fine finger manipulative abilities. Plaintiff cites no other evidence of record in support of hand limitations.

Plaintiff argues that the ALJ failed to explain why Dr. Smejkal's finding that Plaintiff could lift up to 50 pounds occasionally was inconsistent with the limitation on reaching, handling, and fingering. However, it seems logical that some ability to grip, reach, and finger would be required in lifting objects of that weight. Regardless, this is just one of several reasons given by the ALJ in weighing Dr. Smejkal's opinion.

And, Plaintiff argues that the ALJ erred in finding that Plaintiff "had no impairment that might arguably affect his ability to be exposed to pulmonary irritants." (AR 22). Plaintiff notes that

he had at least one emergency room visit for acute bronchitis and had a diagnosis of chronic bronchitis. (AR 280, 371). However, Dr. Smejkal was a consultative examiner, not a reviewing consultant. Therefore, his opinion was based on his examination of Plaintiff. There is no indication in Dr. Smejkal's report that Plaintiff complained of breathing problems, and, on examination, Dr. Smejkal found Plaintiff's lungs to be fine. Thus, there does not appear to be a basis for Dr. Smejkal to impose pulmonary restrictions.

The ALJ properly articulated his reasons for giving little weight to the opinion of Dr. Smejkal and weighed the opinion based on the regulatory factors. Therefore, reversal is not warranted.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in Plaintiff's Opening Brief [DE 21]. The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Defendant and against Plaintiff.

SO ORDERED this 11th day of October, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT